IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON M. DEAN,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

No. CIV S-07-0529 DAD

ORDER

Plaintiff brought this action seeking judicial review of an administrative decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act. See 42 U.S.C. § 405(g). On January 8, 2008, following the filing of a motion for summary judgment by plaintiff's counsel and pursuant to the stipulation of the parties, the court issued an order reversing the decision of the Commissioner and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). That order directed that the matter be remanded to an Administrative Law Judge (ALJ) for clarification as to whether plaintiff's condition was a severe impairment, further evaluation of the medical opinions (including one obtained by the ALJ if appropriate) and reassessment of whether plaintiff's condition met or equaled the Listings.

/////

1

Pending before the court is counsel's motion for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Counsel seeks an award of $6,713.75 in attorney fees under the EAJA based upon 41 hours of attorney time claimed.[1] Specifically, in the fee motion counsel claims 36.4 hours expended in 2007 and 4.6 hours in 2008, all at the rate of $163.75 per hour. Attorney fees under EAJA are set at the market rate, but capped at $125.00 per hour. See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)). Nonetheless, counsel for plaintiff seeks to recover fees at the adjusted rate listed above to account for inflation in the cost of living.

Defendant Commissioner opposes the motion on the grounds that the fee award sought is excessive and should be reduced accordingly.[2] In this regard, the Commissioner argues that plaintiff has failed to meet her burden of showing that 41 hours was a reasonable amount of attorney time expended in order to achieve the outcome obtained in this case "which raised no novel issues." (Def.'s Opp. at 3.) Specifically, the Commissioner takes issue with the 33.5 hours purportedly expended by plaintiff's counsel in drafting the complaint and the summary judgment motion that resulted in the stipulated remand. The Commissioner argues that the amount of time devoted to drafting the summary judgment motion was clearly excessive and should be reduced by 13.5 hours. In addition, the Commissioner contends that counsel's fees should be reduced by an additional 3.35 hours for time spent primarily communicating with the client and her former attorney and by another .35 hours with respect to the preparation of this fee motion. In the end, the Commissioner urges the court to reduce counsel's fees by 17.2 hours to 23.8 hours and award EAJA fees in the amount of $3,733.50.

In reply, plaintiff's counsel refutes each of the Commissioner's points with respect to the fees sought. In this regard, counsel asserts that: (1) in computing her hours she excluded any time

---

[1] These hours include work associated with the pending petition for attorney fees. See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) (attorney fees for fee litigation appropriate under the EAJA).

[2] The Commissioner does not take issue with the hourly rates claimed by petitioner's counsel, which have been adjusted for increases in the cost of living.

1 that would be inappropriate to bill to a client; (2) the amount of attorney time expended in drafting the
2 motion for summary judgment, far from being excessive, was reasonable when compared to the time
3 approved in other similar cases; and (3) the minimal amount of time spent consulting with her client's
4 prior counsel and in interviewing, updating and responding to her client was necessary to the
5 competent and successful representation of the client. Finally, plaintiff's counsel seeks compensation
6 for an additional hour of time in preparing the reply brief in support of the fee application, bringing the
7 total sought to the $6,713.75 for 41 hours of attorney time referred to above.

**ANALYSIS**

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The prevailing party must apply for attorney fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993); see also Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991). A party who obtains a sentence four remand in a social security case is a prevailing party for purposes of the EAJA. Schaefer, 509 U.S. at 302. Here, it is undisputed that plaintiff is a "prevailing party." It is also undisputed that the position of the Commissioner was not "substantially justified." The petition for fees was also timely filed. Thus, the undersigned finds that counsel for plaintiff is entitled to an award of attorney fees.

With respect to the amount of attorney time claimed, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees. However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id.

1 (quoting <u>Hensley</u>, 461 U.S. at 437.) In addition, "[t]he statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." <u>Atkins</u>, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

Here, counsel secured a remand on behalf of her client, pursuant to stipulation, following the filing of a motion for summary judgment plaintiff's behalf. Counsel requests a total fee in the amount of $6,713.75 based upon 41 hours of attorney time devoted to the matter. The court declines to conduct a line-by-line analysis of counsel's billing entries. <u>See</u>, <u>e.g.</u>, <u>Stewart v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw. 1993); <u>Destefano v. Astrue</u>, No. 05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. March 4, 2008). Having carefully reviewed the pending motion, however, the court finds the claimed 41 hours to be a reasonable amount of attorney time to have expended on this matter. While the issues presented may have been straightforward, and while the court is mindful of the expertise of plaintiff's counsel, 41 hours can fairly be characterized as comparable to the amount of time devoted to similar tasks by counsel in like social security appeals coming before this court. While the court finds that the amount of time is at the upper-end of that claimed in connection with similar work, the court also appreciates that social security cases are often fact-intensive and is aware of the successful result obtained by counsel in this case.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 7, 2008 motion for attorney fees pursuant to 28 U.S.C. § 2412 (Doc. No. 24) is granted. Plaintiff is awarded $6,713.75 in EAJA attorney fees made payable to plaintiff's counsel.

DATED: March 25, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
dean529.eajaattyfees